1    Christopher A. Carr  (#44444)   **ORIGINAL**
     ccarr@afrct.com

2    ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP

3    199 S. Los Robles Avenue, Suite 600
     Pasadena, California  91101-2459

4    Tel: (626) 535-1900, Fax: (626) 577-7764

5    Attorneys for Defendant
     AMERICAN MORTGAGE NETWORK,

6    INC., n/k/a VERTICE



FILED

MAY 1 - 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7

8               UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11    JOSE RINCON,                      Case No.

12              Plaintiff,           **'09 CV 0937 IEG JMA**

13       vs.

14                                   NOTICE OF REMOVAL BY
   RECONTRUST COMPANY; MORTGAGE    DEFENDANT AMERICAN MORTGAGE

15    ELECTRONIC REGISTRATION SYSTEMS,    NETWORK, INC. UNDER 28 U.S.C.
   INC. (MERS); AMERICAN MORTGAGE    §1441(b)

16    NETWORK, INC. and DOES 1 – 50, Inclusive,

17             Defendants.          [FEDERAL QUESTION]

18

19

20    TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED

21    STATES DISTRICT JUDGE:

22           PLEASE TAKE NOTICE that defendant American Mortgage Network, Inc., now

23    known as Vertice (hereinafter, "AmNet"), files this Notice of Removal pursuant to 28 U.S.C. §

24    1441 *et seq.*, and hereby removes to this court the state court action described below.

25         1.       JURISDICTION.  As more particularly set forth below, this court has

26    jurisdiction of this case under 28 U.S.C. §1331 because claims arising under the laws of the

27    United States (15 U.S.C. §1601 *et seq.*, §1637, *et seq.* and §1692 *et seq.*) are being made.

28         2.       On March 30, 2009, Case No. 37-2009-00065236-CU-OR-EC (the "State Court

1   Action") was commenced in the Superior Court of the State of California, in and for the County

2   of San Diego, entitled *Jose Rincon vs. Recontrust Company, et al.*  A copy of the original

3   complaint in the State Court Action is attached as Exhibit A; attached as Exhibit B are the other

4   papers filed in the State Court Action.  Neither AmNet nor any other named defendant ever

5   appeared in the State Court Action.

6          3.      The Fourth Cause of Action of the Complaint contains a claim against AmNet

7   based upon alleged violations of 15 U.S.C. §1692, *et seq.*, commonly called the Federal Fair

8   Debt Collection Practices Act.  The Fifth Cause of Action of the Complaint contains a claim

9   against AmNet based upon alleged violations of 15 U.S.C. §1601, *et seq.*, commonly called the

10  Truth in Lending Act, or "TILA" and a claim against AmNet based upon alleged violations of

11  15 U.S.C. §1637, *et seq.*, commonly called the Home Ownership and Equity Protection Act, or

12  "HOEPA".  Thus, claims arising under the laws of the United States, or "Federal questions", are

13  presented, which gives this court jurisdiction over the claims under 28 U.S.C. §1331 and makes

14  the State Court Action removable to this court under 28 U.S.C. §§1441(a) and (b).

15         4.      This Notice is timely because it is being filed within 30 days of the April 1, 2009

16  service of the Complaint upon AmNet, as required by 28 U.S.C. §1446(b).

17         5.      No joinder of the other named defendants is necessary because they have not

18  appeared in the State Court Action and appear to not have been served with process in the State

19  Court Action.

20         6.      Pursuant to 28 U.S.C. §1446(a), AmNet files this Notice in the District Court of

21  the United States for the district within which the State Court Action is pending.

22         7.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its attachments will

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    promptly be served on the attorneys of record in the State Court Action and notice thereof will

2    be filed with the clerk of the San Diego County Superior Court.

3        WHEREFORE, AmNet hereby removes San Diego County Superior Court Case No.

4    37-2009-00065236 to the United States District Court for the Southern District of California.

5

6    Dated: April 30, 2009           ANGLIN, FLEWELLING, RASMUSSEN,
                                         CAMPBELL & TRYTTEN LLP

7

8

9                               By:_____
                                       Christopher A. Carr

10                              ccarr@afrct.com
                             Attorneys for Defendant AMERICAN
                             MORTGAGE NETWORK, INC., n/k/a

11                              VERTICE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

FILED
EAST COUNTY DIVISION

2009 MAR 30  PM 3: 59

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Omar Zambrano, SBN 231098
Law Offices of Omar Zambrano
517 North Alvarado Street
Los Angeles, CA 90026
Telephone: (213) 484-6339
Fax: (213) 572-0241

Attorney for Plaintiff
JOSE RINCON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

EAST COUNTY REGIONAL CENTER

BY FAX

| | |
|---|---|
| JOSE RINCON,<br><br>Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); AMERICAN MORTGAGE NETWORK, INC. and DOES 1-50, inclusive,<br><br>Defendants. | Case No: 37-2009-00085236-CU-OR-EC<br><br>VERIFIED COMPLAINT FOR:<br><br>1. INTENTIONAL MISREPRESENTATION<br>2. NEGLIGENT MISREPRESENTATION<br>3. BREACH OF FIDUCIARY DUTY<br>4. UNFAIR DEBT COLLECTION PRACTICES<br>5. PREDATORY LENDING PRACTICES<br>6. QUIET TITLE<br>7. DECLARATORY RELIEF<br>8. INJUNCTIVE RELIEF<br>9. ACCOUNTING<br><br>[Unlimited Jurisdiction Case] |

Plaintiff JOSE RINCON alleges:

## PARTIES

1.      At all times mentioned herein, Plaintiff JOSE RINCON (hereinafter referred to as "Plaintiff") was and is a natural person residing in the County of San Diego and was the rightful owner in possession of that certain real property described as APN

1

COMPLAINT

No. 586-250-37-04, in the Office of the County Recorder of said County, also known as, Assessor's Parcel Number 586-250-37-04. The property is commonly identified as 437 Bluffview Rd, Spring Valley CA 91977 (hereinafter referred to as "Subject Property"). Plaintiff is a "consumer" as defined by 15 U.S.C § 1602(h).

2.      Plaintiff is informed and believes, and based thereon alleges that, at all times mentioned herein defendant RECONTRUST COMPANY (hereinafter referred to as 'Trustee"), is an entity of unknown type, with its principal place of business in the County of Ventura and doing business in the State of California.

3.      Plaintiff is informed and believes, and based thereon alleges that, at all times mentioned herein defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) (hereinafter referred to as "Beneficiary"), is a Corporation, with its principle place of business in Sacramento County and doing business in the State of California.

4.      Plaintiff is informed and believes, and based thereon alleges that, at all times mentioned herein defendant AMERICAN MORTGAGE NETWORK, INC. (hereinafter referred to as "Network, Inc."), is a Corporation with its principle place of business in San Diego County and doing business in the State of California.

5.      Plaintiff is informed and believes, and based thereon alleges that DOES 1-50 are persons or entities whose names and capacities are unknown to Plaintiff at this time. Plaintiff alleges that DOES 1-50 are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants. Plaintiff will amend this complaint to allege the true identities, capacities and roles of DOES 1-50 as and when they are ascertained.

## GENERAL ALLEGATION AS TO ALL CAUSES OF ACTION
### (As To All Defendants)

6.      Plaintiff purchased the Subject Property as his primary residence. Network, Inc., the original lender, financed Plaintiff's purchase of the property with one note in

2

COMPLAINT

the amount of    $293,600.00. The note was secured by a Deed of Trust recorded against the Subject Property on September 16, 2005.

7.      FIRST AMERICAN TITLE INSURANCE COMPANY, was the original Trustee under the Deed of Trust.

8.      AMERICAN MORTGAGE NETWORK, INC., A California Corporation, was the original Lender under the Deed of Trust, whereas Trustee RECONTRUST COMPANY is a Debt Collector attempting to collect a debt.

9.      Network, Inc. is named as the Lender in the Trust Deed.  However, the Trust Deed states that Mortgage Electronic Registration Systems, Inc. ("MERS") is a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument."

10.     Plaintiff is informed and believes, and based thereon alleges that Trustee is an entity set up by the mortgage industry to facilitate and to keep hidden the transfer of mortgages on the secondary mortgage market and save lenders the cost of recording assignments. Plaintiff is further informed and believes, and based thereon alleges that the purpose and effect of Trustee is to prevent homeowners, such as Plaintiff, from knowing whether and to whom the notes have been assigned and who is the true beneficiary under the Trust Deed.

11.     Plaintiff is informed and believes, and based thereon alleges that MERS is neither a mortgage lender nor does it own or have any beneficial interest in any note or mortgage.

12.     Plaintiff is informed and believes, and based thereon alleges that there is no record of any assignment of the Note in the public record.

13.     Plaintiff is informed and believe, and based thereon alleges that there is no record of any substitution of Trustee in the public record.

14.     Plaintiff is informed and believes, and based thereon alleges that on or about December 05, 2008, apparently at the direction of Trustee on behalf of Defendant

3

COMPLAINT

DOE 1 or Beneficiary recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") against the Subject Property.

15.     The Notice of Default recorded by Trustee advises Plaintiff as follows, in pertinent part:

"IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $18,941.14 as of 12/04/2008 and will increase until your account becomes current."

16.     Plaintiff is informed and believes, and based thereon alleges that on or about March 17, 2009, apparently at the direction of Trustee on behalf of Defendant DOE 1 or Beneficiary recorded a Notice of Trustee's Sale.

17.     Plaintiff is informed and believes, and based thereon alleges that in engaging in the activities alleged herein, Trustee was attempting to collect a "consumer debt" and was acting as a "debt collector" as those terms are defined under the Federal Fair Debt Collection Practices Act at 15 U.S.C. Sections 1692a(5) and (6), respectively. *Wilson v. Draper*, 443 F.3d 373, 375-379 (4th Cir. 2006).

18.     Plaintiff is informed and believes, and based thereon alleges that Defendants are not entitled to foreclose on the Trust Deed recorded against the Subject Property because they are not and were not either: (a) the "holders" of a note that substantiates their alleged claim to an interest in the Subject Property that would afford them the right to foreclose; (b) a nonholder in possession of a note executed by Plaintiff who had the rights of a holder to foreclose on the Trust Deed against the Subject Property;

4

or (c) a person not in possession of a note that substantiates their claim to an interest in the Subject Property who was otherwise entitled to enforce the Trust Deed under California law.

19.     Plaintiff further alleges that Defendants do not have the right to direct Trustee to foreclose on the Trust Deed and sell the Subject Property owned by Plaintiff.

20.     Plaintiff is informed and believes, and based thereon alleges that Defendants and each of them intentionally or negligently misrepresented to Plaintiff that his income would be sufficient to repay the loan for the purchase of the Subject Property for the sole purpose of inducing Plaintiff to accept the loan so that Defendants could obtain interest, fees, commission and charges irrespective of Plaintiff's ability to repay the note with the knowledge that Defendants could either (a) pass the risk that Plaintiff would default to third parties or (b) recover possession of the Subject Property in the event Plaintiff defaulted.

21.     Plaintiff is informed and believes, and based thereon alleges that Defendants and each one of them intentionally or negligently misrepresented to Plaintiff his various loan options and failed to give disclosures, which induced Plaintiff to take an adjustable rate, based upon stated income, which would not be in the best interest of Plaintiff. Defendants and each one of them breached their fiduciary duty in misleading Plaintiff into taking a loan, which he would not be able to repay due to his insufficient income once the interest rate would go up and did not warn the Plaintiff of the risk of an adjustable rate mortgage.

22.     Plaintiff is informed and believes, and based thereon alleges that Plaintiff's interests were in conflict with the interests of the Defendants and each of them. Defendants subjected Plaintiff to harm to protect their own interests.

23.     Plaintiff is informed and believes, and based thereon alleges that Defendants and each of them, in initiating the foreclosure process without proper possession of a note that substantiates their claim to an interest in the Subject Property, proper endorsement of a note to them or any other legal right to foreclose in this case and

5

COMPLAINT

**Exhibit A to Notice of Removal**
**Page 8**

with respect to many other trust deed instruments, engaged in a pattern and practice of utilizing the non-judicial foreclosure procedures of the State of California to foreclose on the Subject Property when they have no right to do so.

24.     Plaintiff is further informed and believes, and based thereon alleges that Defendants, and each of them, have conducted themselves in the manner specified in this Complaint with the belief that the property owner affected did not have the knowledge and means to contest the right of said Defendants to do so.

25.     As a result of Defendants' conduct as alleged herein, Plaintiff has been damaged in that he has potentially lost his home and has had to hire an attorney to protect his rights and to bring this action to stop the wrongful acts of Defendants, and each of them. Plaintiff has retained the Law Offices of Omar Zambrano, for the purpose of instituting this action and is therefore entitled to reasonable attorneys' fees.

## FIRST CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION
#### (As to All Defendants and DOES 1 to 50)

26.     Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 25 of this Complaint as though fully set forth therein.

27.     In pursuing non-judicial foreclosure, including, without limitation, recording the Notice of Default on December 05, 2008, and the Notice of Trustee's Sale on March 17, 2009, and mailing said notices to Plaintiff and others, Defendants and each of them, falsely represented that they had the right to payment under a note executed by Plaintiff in favor of the Original Lender, and further had the right to foreclose the Trust Deed on the Subject Property and sell the Subject Property.

28.     Plaintiff is informed and believes, and based thereon alleges that the true facts are that Defendants are not and were not in possession of a note secured by the Subject Property, nor are they holders of a note that substantiates their claim to an

6

COMPLAINT

interest in the Subject Property or non-holder of a note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3301, 3309, and therefore the Defendants, and each of them, foreclosed non-judicially without a note secured by the Subject Property and thus, without right under law.

29.   Plaintiff is informed and believes, and based thereon alleges that when Defendants, and each of them, misrepresented to Plaintiff and others that they had the right to foreclose on the Subject Property, they intended to either force Plaintiff to pay large sums of money to Defendants, and each of them, to which they were not entitled under the law, or to abandon the Subject Property to Defendants by not resisting the proposed foreclosure sale.

30.   Plaintiff is further informed and believes, and based thereon alleges that in notices sent to Plaintiff in and around December 05, 2008, and on March 17, 2009, Defendants, and each of them, falsely represented the payoff amount, if any, required to redeem the Subject Property from potential foreclosure by adding costs and charges to the payoff amount that were not justified and proper under the terms of a note that substantiates their alleged claim to an interest in the Subject Property or under applicable law.

31.   Plaintiff reasonably relied on Defendants' representations regarding their right to foreclose and whether any money was owed to Defendants and, if so, how much.

32.   In misrepresenting and inflating the amounts owed and the costs and charges necessary to redeem the Subject Property prior to foreclosure, Defendants and each of them, damaged Plaintiff in that they made it impossible for Plaintiff to determine the actual amounts due, if any, substantially decreased the likelihood that Plaintiff would be able to redeem the Subject Property and deterred other potential buyers who might have paid more for the Subject Property with the apparent intent to prevent Plaintiff from redeeming the property and to cause the Subject Property to revert to Defendants in the event it was sold at foreclosure.

7

COMPLAINT

33.    Plaintiff alleges that the conduct of Defendants, and each of them, was egregious, oppressive, malicious, and fraudulent, and undertaken with complete disregard for Plaintiff's legal and property rights, entitling Plaintiff to actual and punitive and exemplary damages according to proof at trial.

34.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered the potential loss of his home and other, direct, actual injuries, in an amount not presently ascertainable but subject to proof at trial.

## SECOND CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
#### (As to All Defendants and DOES 1 to 50)

35.    Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 34 of this Complaint as though fully set forth herein.

36.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them negligently misrepresented to Plaintiff that his income would be sufficient to repay the loan for the purchase of the Subject Property which actually induced Plaintiff to accept the loan so that Defendants could obtain interest, fees and charges irrespective of Plaintiff's ability to repay the note with the knowledge that Defendants could either (a) pass the risk that Plaintiff would default to third parties or (b) recover possession of the Subject Property in the event Plaintiff defaulted.

37.    Plaintiff is further informed and believes, and based thereon alleges that prior to granting Plaintiff the loan, Defendants, and each of them, failed to verify Plaintiff's ability to repay certain loans, and instead manufactured facts and figures, and documents to support granting Plaintiff the loan although Defendants knew or should have known that Plaintiff would be unable to repay the loan once the interest rate increased.

38.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, originated the loans by lowering their own underwriting standards

9

COMPLAINT

1   and failing to follow the underwriting standards, in order that Plaintiff would be

2   provided with funding and it would eventually become financially unbearable and

3   burdensome to repay, causing Plaintiff to default on said loans and potentially lose his

4   home to a non-judicial foreclosure sale.

5   39.    Plaintiff is informed and believes, and based thereon alleges that Defendants,

6   and each of them, engaged in these unlawful actions to satisfy their own greed and so

7   that they could then pass the risk of loss on to third parties or recover the Subject

8   Property at foreclosure.

9   40.    Plaintiff justifiably relied on the misrepresentations of Defendants, and each of

10  them, as to Plaintiff's qualifications for and ability to repay the loans based on their

11  authority, positions, capacity, expertise, and in reliance thereupon has suffered

12  damages and injury, including but not limited to, the potential loss of his home to a

13  non-judicial foreclosure sale.

14  41.    Plaintiff alleges that the failure, omissions and/or conduct of Defendants, and

15  each of them, was egregious, oppressive, malicious, and fraudulent, and undertaken

16  with complete disregard for Plaintiff's legal and property rights, entitling Plaintiff to

17  actual and punitive and exemplary damages according to proof at trial.

18  42.    As a direct and proximate result of the negligence of Defendants, Plaintiff has

19  suffered the potential loss of his home and other, direct, actual injuries, in an amount

20  not presently ascertainable but subject to proof at trial.

21

22              **THIRD CAUSE OF ACTION**

23              **BREACH OF FIDUCIARY DUTY**

24              **(As to All Defendants and DOES 1 to 10)**

25  43.    Plaintiff realleges and incorporates by reference those allegations appearing in

26  paragraphs 1 to 42 of this Complaint as though fully set forth herein.

27  44.    Plaintiff is informed and believes, and based thereon alleges that Defendants

28  and each of them, acting directly in their own capacity and/or through their agents,

9

COMPLAINT

1   brokers and real estate agents, owed a fiduciary duty to Plaintiff to act in utmost good
2   faith and in the best interest of Plaintiff. In that Defendants and each of them, owed a
3   duty to Plaintiff to verify his income, whether it would be sufficient to re-pay the
4   loan; duty to provide a 30 year fixed loan rather than an adjustable rate mortgage;
5   duty to verify Plaintiff's income / employment history and stability of earnings in the
6   past and duty to advise Plaintiff to buy a smaller house rather than a bigger one based
7   upon his affordability for a smaller loan.

8   45.     Defendants, and each one of them, intentionally or negligently breached their
9   fiduciary duty to act in good faith and in the best interest of Plaintiff. Defendants had
10   a conflict of interest with Plaintiff. Defendants acted for their own benefit thereby
11   supplanting their own interests over Plaintiff's interest.

12   46.     As a direct and proximate result of the actions and/or omissions of Defendants,
13   Plaintiff has suffered the potential loss of his home and other, direct, actual injuries,
14   in an amount not presently ascertainable but subject to proof at trial.

16                                  **FOURTH CAUSE OF ACTION**
17                              UNFAIR DEBT COLLECTION PRACTICES
18            (Federal Fair Debt Collection Practices Act As to Defendants Trustee,
19                                    Beneficiary and Network, Inc.)
20           (Rosenthal Fair Debt Collection Practices Act As to Defendants Trustee,
21                                    Beneficiary and Network, Inc.)

22   47.     Plaintiff realleges and incorporates by reference those allegations appearing in
23   paragraphs 1 to 46 of this Complaint as though fully set forth herein.

24   48.     Plaintiff is informed and believes, and based thereon alleges that Defendants
25   and each of them, in taking the actions aforementioned, have acted as debt collectors
26   as that term is defined under, but not limited to, California's Rosenthal Fair Debt
27   Collection Practices Act, Civil Code §§ 1788.2, 1788.10, and 1788.17, and the
28   Federal Fair Debt Collection Act, 15 U.S.C. §§ 1692a.

10

COMPLAINT

49.    Plaintiff is informed and believes, and based thereon alleges that the Defendants and each of them, in taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788.10 (e) and (f) and 1788.17, and the Federal Fair Debt Collection Act, 15 U.S.C., Title 41, Subchap.V, §§1692 *et seq.* as set forth herein.

50.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are businesses or persons who use interstate commerce or the mails and wires in business, the principal purpose of which is the collection of debt, and regularly collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

51.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, have engaged in, *inter alia*, the following wrongful collection methods:

a.    Mailing collection letters and notices relating to non-judicial foreclosure, which were inaccurate in that they misrepresented the amounts owed and stated that Defendants had the authority to collect the amounts owed when they did not, the natural consequence of which was to harass, oppress and abuse.

b.    Threatening legal action that could not be lawfully undertaken, specifically foreclosing upon the Subject Property when they are not the holders of a note that substantiates their claim to an interest in the Subject Property and lack the legal authority to foreclose.

52.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, failed to inform Plaintiff of his right to request validation of the alleged debt which Defendants, and each of them, were attempting to collect as required by 15 U.S.C. § 1692g and California Civil Code § 1788.17.

53.    Plaintiff is informed and believes, and based thereon alleges that Defendants failed to verify the alleged debt and failed to suspend their collection activities until

11

COMPLAINT

1    the debt had been verified as required by 15 U.S.C. § 1692, *et seq.* and California

2    Civil code § 1788.17.

3    54.   As a direct and proximate result of the actions of Defendants, Plaintiff has

4    suffered the potential loss of his home and other, direct, actual injuries, in an amount

5    not presently ascertainable but subject to proof at trial.

6    55.   Plaintiff alleges that the conduct of Defendants, and each of them, was

7    egregious, oppressive, malicious, and fraudulent, and undertaken with complete

8    disregard for Plaintiff's legal and property rights, entitling Plaintiff to punitive and

9    exemplary damages according to proof at trial.

10   56.   Plaintiff is also entitled to recover statutory damages, together with costs of suit

11   and reasonable attorneys' fees under 15 U.S.C § 1692k and Civil Code §1788.30.

12

13                        **FIFTH CAUSE OF ACTION**

14                     **PREDATORY LENDING PRACTICES**

15   **(As to Defendants Trustee, Beneficiary and Network, Inc. with respect to the claim**

16                **based on Business and Profession Code § 17200)**

17                 **(As to Defendants DOES 1-50 as to all other claims)**

18   57.   Plaintiff realleges and incorporates by reference those allegations appearing in

19   paragraphs 1 to 56 of this Complaint as though fully set forth herein.

20   58.   Plaintiff is informed and believes, and based thereon alleges that Defendants,

21   and each of them, have collaborated to engage and engaged in predatory lending

22   practices with respect to Plaintiff in violation of the Home Ownership and Equity

23   Protection Act ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act ("TILA"), 15

24   U.S.C. § 1601; Regulation Z, 12 C.F.R. 226; and, Business and Professions Code

25   §17200.

26   59.   Plaintiff is a consumer and Defendants are creditors within the meaning of the

27   HOEPA and are thus bound by its terms.

28

                              12

                            COMPLAINT

60.     Plaintiff is informed and believes and based thereon alleges that Defendants have violated HOEPA in that, among other things, they have (a) failed to provide the disclosures regarding the right of rescission required by 15 U.S.C. § 1639(a)(1) or failed to provide them in the manner required; and (b) extended credit to Plaintiff without regard to his ability to repay in violation of 15 U.S.C. § 1639(h).

61.     Plaintiff is informed and believes, and based thereon alleges that Defendants' violation of 15 U.S.C. § 1639(h) may be remedied only by the rescission of the loans, and the payment of compensatory damages to Plaintiff in a sum to make Plaintiff whole.

62.     Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, have violated 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. 226 by failing to disclose certain changes in the finance charges shown on the Truth in Lending Statement and improperly calculating disclosed amounts, which grants Plaintiff the right to rescind the transaction.

63.     Plaintiff is informed and believes, and based thereon alleges that the statutory violations and unlawful actions or practices of Defendants as alleged in this Complaint constitute unlawful business acts and practices within the meaning of California Business and Professions Code § 17200 *et seq.*

64.     Said unlawful business acts and practices include Defendants' failure to comply with statutory disclosure requirements under the Rosenthal Fair Debt Collection Practices Act, the Federal Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, HOEPA, the Truth in Lending statutes and Regulation Z.

65.     Plaintiff alleges that Defendants' misconduct, as alleged herein, has given them an unfair competitive advantage over their competitors in that, had they complied with their obligations, Plaintiff and other similarly situated homeowners might have obtained financing from another lender.

///
///

13

COMPLAINT

66.     Plaintiff alleges that as a direct and proximate result of Defendants' actions, they have prospered at Plaintiff's expense and benefited from collecting mortgage payments and potentially foreclosing on Plaintiff's property.

67.     Wherefore, Plaintiff is informed and believes, and based thereon alleges that he is entitled to equitable relief, including, restitution, and disgorgement of all profits obtained by Defendants by virtue of their misconduct.

68.     Plaintiff is further informed and believes, and based thereon alleges that Defendants, and each of them, have engaged in additional violations of the aforementioned statutes, the specifics of which are unknown, but which are subject to discovery and with respect to which specifics will be alleged by amendment to this Complaint when ascertained.

## SIXTH CAUSE OF ACTION
### QUIET TITLE
#### (As to All Defendants and DOES 1 to 50)

69.     Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 68 of this Complaint as though fully set forth herein.

70.     Plaintiff is the owner of the Subject Property pursuant to a Grant Deed and Quitclaim Deed executed in favor of Plaintiff and recorded in the Official Records of the County of San Diego.

71.     Plaintiff seeks to quiet title against the claims of Defendants as follows: Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through non-judicial foreclosure, when in fact, Plaintiff alleges on information and belief that Defendants have no right, title, interest, or estate in the Subject Property, and have no right to conduct a foreclosure sale as either beneficiary or trustee, and Plaintiff's interest is adverse to Defendants' claims that they have a right to ownership, to conduct a foreclosure sale and to possession of the Subject Property.

14

COMPLAINT

72. Plaintiff seeks to quiet title as of December 2008.

73. Plaintiff therefore seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that Defendants, and each of them, be declared to have no estate, right, title, or interest in the Subject Property and that said Defendants and each of them, be forever enjoined from asserting any estate, right, title, or interest in the Subject Property adverse to Plaintiff herein.

### SEVENTH CAUSE OF ACTION
### DECLARATORY RELIEF
#### (As to All Defendants and DOES 1 to 50)

74. Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 73 of this Complaint as though fully set forth herein.

75. Plaintiff alleges that an actual controversy exists as to the issues mentioned in this Complaint.

76. Plaintiff contends that any loan agreements are void based on the facts as alleged herein, including but not limited to, Defendants' violation of disclosure requirements, and other statutory and common law duties, including the duty to refrain from fraudulent misrepresentation, unfair debt collection practices, and predatory lending. However, it is Defendants' contention that they had the right to pursue certain remedies, including but not limited to potential non-judicial foreclosure.

77. Plaintiff contends that any non-judicial foreclosure sale conducted by Defendants, and each of them, is improper, in that Defendants are not holders of an original Note secured by the Subject Property and are not holders of any properly endorsed assignment of the same original Note. However, it is Defendants' contention that they have the right to proceed with a non-judicial foreclosure sale of the Subject Property.

78.     Plaintiff alleges that Defendants' actions have undermined his right to the Subject Property and have interfered, and continue to interfere, with Plaintiff's right to possession of the Subject Property.

79.     Plaintiff desires a judicial determination of his rights and duties, and a declaration as to the validity of any loan transactions and the right of ownership and possession of the Subject Property.

80.     Plaintiff alleges that a judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff and Defendants may ascertain their respective rights with respect to the Subject Property.

## EIGHTH CAUSE OF ACTION
### INJUNCTIVE RELIEF
### (As to All Defendants and DOES 1 to 50)

81.     Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 80 of this Complaint as though fully set forth herein.

82.     Upon proof of the actions set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case.

83.     Plaintiff will be irreparably harmed by the sale and dispossession of the Subject Property and will suffer even greater harm if Defendants are allowed to obtain possession of the Subject Property because the property is unique and cannot be replaced. Therefore, should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury for which there is no alternative and adequate remedy at law.

84.     Wherefore, Plaintiff requests that this Court grant to Plaintiff a Temporary Restraining Order, and Preliminary and Permanent Injunction under Code of Civ. Proc. Section 527 and California Rules of Court, Rule 3.1150, first, as to any action to obtain possession of the Subject Property, second, ordering Defendants to restore title and possession of the Subject Property to Plaintiff, and third, a Permanent Injunction

16

COMPLAINT

precluding Defendants from engaging in the wrongful conduct identified herein in the future.

## NINTH CAUSE OF ACTION
### FOR AN ACCOUNTING
### (As to All Defendants and DOES 1 to 50)

85.     Plaintiff realleges and incorporates by reference those allegations appearing in paragraph 1 to 84 of this Complaint as though fully set forth herein.

86.     Plaintiff has made demand for an accounting of the payments made by Plaintiff and the amounts Defendants allege, is due. Defendants have failed and refused to provide such an accounting although they are legally obligated to do so.

87.     Wherefore, Plaintiff requests that this Court order Defendants to provide a complete accounting of the loan, including, without limitation, all amounts borrowed, plus interest, charges, fees and costs, the amount paid and the amount Defendants allege is due.

## JURY DEMAND

Plaintiff demands trial by Jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment and order against Defendants, and each of them, as to each and every cause of action, jointly and severally, as follows:

ON THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1.     Compensatory damages according to proof;

2.     Special damages according to proof;

3.     Punitive damages according to proof;

ON THE FOURTH CAUSE OF ACTION:

4.     For rescission;

17

COMPLAINT

5.     For a civil penalty pursuant to statute;

6.     For actual damages to be proved at trial;

7.     For additional damages up to $1,000,000;

8.     For reasonable attorneys' fees according to proof;

ON THE FIFTH CAUSE OF ACTION:

9.    That the actions of Defendants, and each of them, be determined to be unfair and deceptive business practices in violation of California law;

10.   That the actions of Defendants be determined to be in violation of California Business and Professions Code § 17200 *at seq.*; Rosenthal Fair Debt Collection Practices Act, including, but not limited to Civil Code Sections 1788(e) and (f), and the Federal Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692 *et seq.*, and the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. Sections 2601 through 2617.

11.   For rescission or;

12.   In the alternative, for actual damages according to proof, twice the amount of any financial charges that were incurred, not less than $200 or greater than $2,000, and all finance charges and fees paid; and

13.   For reasonable attorneys' fees according to proof;

ON THE SIXTH CAUSE OF ACTION:

14.   For a judgment that Plaintiff is the owner in fee simple of the Subject Property and that Defendants have no interest in the property adverse to the Plaintiff;

ON THE SEVENTH CAUSE OF ACTION:

15.   That the attempted foreclosure of the Subject Property by Defendants, and each of them, be deemed illegal and void and the same be permanently enjoined;

16.   That an order issue setting aside any such sale of the Subject Property by Defendants, and each of them, and declaring any such sale to be null and void and of no force and effect;

**Exhibit A to Notice of Removal**
**Page 21**

17. That an order issue that any purchaser from Defendants, and each of them, deliver their alleged deed to the Subject Property to the court, and that any such deed be cancelled;

ON THE EIGHTH CAUSE OF ACTION:

18. That a temporary injunction, a preliminary injunction, and a permanent injunction issue, enjoining Defendants, and each of them, including all persons acting under, for, or in concert with Defendants, from taking any action to obtain possession of or sell the Subject Property pending a determination on the merits of the case;

19. That a permanent injunction issue directing Defendants to transfer title of the Subject Property back to Plaintiff;

ON THE NINTH CAUSE OF ACTION:

20. For an accounting;

ON ALL CAUSES OF ACTION:

21. For reasonable attorneys' fees, costs and disbursements in this action; and;

22. That such other and further relief the Court may deem just and proper be awarded as well.

Dated:  March 26, 2009

Law Offices of Omar Zambrano

Omar Zambrano
Attorney for Plaintiff

## VERIFICATION

Plaintiff declares that he has read the Verified Complaint and states under penalty of perjury that the facts and allegations as contained therein are true and correct.

JOSE RINCON, Plaintiff

19

COMPLAINT

FILE COPY
EAST COUNTY DIVISION

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

2009 MAR 30 AM 8:39

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RECONTRUST COMPANY; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (MERS); AMERICAN
MORTGAGE NETWORK, INC. and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE RINCON,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

CASE NUMBER
*(Número del Caso)*
37-2009-00005238-CU-OR-EC

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
East County Regional Center
250 East Main Street, El Cajon, CA 92020

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Omar Zambrano, 517 North Alvarado Street, Los Angeles, CA 90026 Telephone: (213) 484-6339

| DATE:<br>*(Fecha)* | MAR 3 0 2009 | Clerk, by<br>*(Secretario)* | R. Thompson | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  AMERICAN MORTGAGE NETWORK, INC.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
[American LegalNet, Inc.] [www.USCourtForms.com]

**Exhibit B to Notice of Removal
Page 23**

COPY

FILED
EAST COUNTY DIVISION

CM-010

2009 MAR 30 PH 3:58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Omar Zambrano, SBN 231089
Law Office of Omar Zambrano
517 North Alvarado Street
Los Angeles, CA 90026
  TELEPHONE NO.: (213) 484-6339      FAX NO.: (213) 572-0241
ATTORNEY FOR (Name): Plaintiff JOSE RINCON

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
  STREET ADDRESS: 250 East Main Street
  MAILING ADDRESS: 250 East Main Street
  CITY AND ZIP CODE: El Cajon, CA 92020
  BRANCH NAME: EAST COUNTY REGIONAL CENTER

CASE NAME:
JOSE RINCON v. RECONTRUST COMPANY; et. al.

BY FAX

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2009-00065238-CU-OR-EC |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)  ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 9
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 26, 2009
Omar Zambrano
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit B to Notice of Removal
Page 24

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS: 250 East Main Street | |
| MAILING ADDRESS: 250 East Main Street | |
| CITY AND ZIP CODE: El Cajon, CA 92010 | |
| BRANCH NAME: East County | |
| TELEPHONE NUMBER: (619) 456-4100 | |

PLAINTIFF(S) / PETITIONER(S):   Jose Rincon

DEFENDANT(S) / RESPONDENT(S): Recontrust Company et.al.

RINCON VS. RECONTRUST COMPANY

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2009-00085236-CU-OR-EC |
| --- | --- |

Judge:  Laura W. Halgren                                    Department: E-15

COMPLAINT/PETITION FILED: 03/30/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**Exhibit B to Notice of Removal
Page 25**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00085236-CU-OR-EC       CASE TITLE: Rincon vs. Recontrust Company

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of Judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev 12-06)

Page 1

**Exhibit B to Notice of Removal**
**Page 26**

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 593-4530.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-6908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**Exhibit B to Notice of Removal
Page 27**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    250 East Main Street<br>MAILING ADDRESS:    250 East Main Street<br>CITY, STATE, & ZIP CODE: El Cajon, CA 02020-3941<br>BRANCH NAME:    East County | |

| PLAINTIFF(S):   Jose Rincon |
|---|
| DEFENDANT(S): Recontrust Company et.al. |
| SHORT TITLE:   RINCON VS. RECONTRUST COMPANY |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2009-00085238-CU-OR-EC |
|---|---|

Judge: Laura W. Halgren                                                Department: E-16

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                       ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                               ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                       ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only): _____

Date: _____              Date: _____

_____              _____
Name of Plaintiff                            Name of Defendant

_____              _____
Signature                                    Signature

_____              _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____              _____
Signature                                    Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated:  03/30/2009

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page 1

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below I served a copy of the following document:

**Notice of Removal by Defendant American Mortgage Network, Inc.
Under 28 U.S.C. Section 1441(b)**

on all interested parties in said case addressed as follows:

Served Electronically via Court's CM/ECF System:
(Names of Parties Here)

**Served by Other Means:**

Omar Zambrano, Esq.
LAW OFFICES OF OMAR ZAMBRANO
517 North Alvarado Street
Los Angeles, CA 90026

Tel: (213) 484-6339    Fax: (213) 572-0241

☒    **BY MAIL:**  By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on **April 29, 2009.**

_____Jill Ashley_____
(Type or Print Name)

_____
(Signature of Declarant)

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

**MAY 01 2009**

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**BY                        DEPUTY**

## I. (a)  PLAINTIFFS

Jose Rincon

## DEFENDANTS

American Mortgage Network, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Omar Zambrano, Esq.
517 North Alvarado Street
Los Angeles, CA 90026
(213) 484-6339

Attorneys (If Known)

**'09 CV 0937 IEG JMA**

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1  U.S. Government
       Plaintiff

☑ 3  Federal Question
       (U.S. Government Not a Party)

❏ 2  U.S. Government
       Defendant

❏ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                           and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ❏ 110 Insurance
- ❏ 120 Marine
- ❏ 130 Miller Act
- ❏ 140 Negotiable Instrument
- ❏ 150 Recovery of Overpayment & Enforcement of Judgment
- ❏ 151 Medicare Act
- ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ❏ 153 Recovery of Overpayment of Veteran's Benefits
- ❏ 160 Stockholders' Suits
- ❏ 190 Other Contract
- ❏ 195 Contract Product Liability
- ❏ 196 Franchise

### REAL PROPERTY
- ❏ 210 Land Condemnation
- ❏ 220 Foreclosure
- ❏ 230 Rent Lease & Ejectment
- ❏ 240 Torts to Land
- ❏ 245 Tort Product Liability
- ❏ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ❏ 310 Airplane
- ❏ 315 Airplane Product Liability
- ❏ 320 Assault, Libel & Slander
- ❏ 330 Federal Employers' Liability
- ❏ 340 Marine
- ❏ 345 Marine Product Liability
- ❏ 350 Motor Vehicle
- ❏ 355 Motor Vehicle Product Liability
- ❏ 360 Other Personal Injury

**PERSONAL INJURY**
- ❏ 362 Personal Injury - Med. Malpractice
- ❏ 365 Personal Injury - Product Liability
- ❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❏ 370 Other Fraud
- ❏ 371 Truth in Lending
- ❏ 380 Other Personal Property Damage
- ❏ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ❏ 441 Voting
- ❏ 442 Employment
- ❏ 443 Housing/ Accommodations
- ❏ 444 Welfare
- ❏ 445 Amer. w/Disabilities - Employment
- ❏ 446 Amer. w/Disabilities - Other
- ❏ 440 Other Civil Rights

### PRISONER PETITIONS
- ❏ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ❏ 530 General
- ❏ 535 Death Penalty
- ❏ 540 Mandamus & Other
- ❏ 550 Civil Rights
- ❏ 555 Prison Condition

### FORFEITURE/PENALTY
- ❏ 610 Agriculture
- ❏ 620 Other Food & Drug
- ❏ 625 Drug Related Seizure of Property 21 USC 881
- ❏ 630 Liquor Laws
- ❏ 640 R.R. & Truck
- ❏ 650 Airline Regs.
- ❏ 660 Occupational Safety/Health
- ❏ 690 Other

### LABOR
- ❏ 710 Fair Labor Standards Act
- ❏ 720 Labor/Mgmt. Relations
- ❏ 730 Labor/Mgmt.Reporting & Disclosure Act
- ❏ 740 Railway Labor Act
- ❏ 790 Other Labor Litigation
- ❏ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ❏ 462 Naturalization Application
- ❏ 463 Habeas Corpus - Alien Detainee
- ❏ 465 Other Immigration Actions

### BANKRUPTCY
- ❏ 422 Appeal 28 USC 158
- ❏ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ❏ 820 Copyrights
- ❏ 830 Patent
- ❏ 840 Trademark

### SOCIAL SECURITY
- ❏ 861 HIA (1395ff)
- ❏ 862 Black Lung (923)
- ❏ 863 DIWC/DIWW (405(g))
- ❏ 864 SSID Title XVI
- ❏ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ❏ 870 Taxes (U.S. Plaintiff or Defendant)
- ❏ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ❏ 400 State Reapportionment
- ❏ 410 Antitrust
- ❏ 430 Banks and Banking
- ❏ 450 Commerce
- ❏ 460 Deportation
- ❏ 470 Racketeer Influenced and Corrupt Organizations
- ❏ 480 Consumer Credit
- ❏ 490 Cable/Sat TV
- ❏ 810 Selective Service
- ❏ 850 Securities/Commodities/ Exchange
- ❏ 875 Customer Challenge 12 USC 3410
- ❏ 890 Other Statutory Actions
- ❏ 891 Agricultural Acts
- ❏ 892 Economic Stabilization Act
- ❏ 893 Environmental Matters
- ❏ 894 Energy Allocation Act
- ❏ 895 Freedom of Information Act
- ❏ 900 Appeal of Fee Determination Under Equal Access to Justice
- ❏ 950 Constitutionality of State Statutes

## V.  ORIGIN (Place an "X" in One Box Only)

❏ 1  Original Proceeding
☑ 2  Removed from State Court
❏ 3  Remanded from Appellate Court
❏ 4  Reinstated or Reopened
❏ 5  Transferred from another district (specify)
❏ 6  Multidistrict Litigation
❏ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 U.S.C. Section 1601**
Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ☑ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):      JUDGE _____      DOCKET NUMBER _____

DATE **05.01.09**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # **000363**   AMOUNT **350.**
**5/4/09**   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS000363
Cashier ID: sramirez
Transaction Date: 05/04/2009
Payer Name: ANGLIN, FLEWELLING, RASSMUSSEN
------------------------------------
CIVIL FILING FEE
 For: RINCON V. AMERCAN MORTGAGE
 Case/Party: D-CAS-3-09-CV-000937-001
 Amount:      $350.00
------------------------------------
CHECK
 Check/Money Order Num: 13241
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00



There will be a fee of $45.00
charged for any returned check.