1

2

3

4        **UNITED STATES DISTRICT COURT**

5        **SOUTHERN DISTRICT OF CALIFORNIA**

6

7   JOSE RICON,                                    CASE NO. 09cv937 - IEG - JMA

8                              Plaintiff,          ORDER
                                                   (1) GRANTING IN PART AND
9                vs.                               DENYING IN PART AMNET'S
                                                   MOTION TO DISMISS
10  RECONTRUST COMPANY; AMERICAN
    MORTGAGE NETWORK, INC.; DOES 1-               (2) GRANTING AMNET'S MOTION
11  50, inclusive; MORTGAGE ELECTRONIC            TO STRIKE
    REGISTRATION SYSTEMS, INC. (MERS),
12
                             Defendants.
13
              Plaintiff Jose Ricon filed this action to prevent Defendants from completing a non-judicial
14
    foreclosure on Plaintiff's property.   Presently, defendant American Mortgage Network, Inc.
15
    ("AmNet") moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil
16
    Procedure or, in the alternative, to strike the request for punitive damages.  (Doc. Nos. 9, 10.)  Plaintiff
17
    did not file an opposition and the motion is amenable to disposition without oral argument.  Having
18
    considered the parties' submissions, the Court GRANTS IN PART and DENIES IN PART AmNet's
19
    motions for the following reasons.
20
                                        **BACKGROUND**
21
              On September 15, 2005, Plaintiff obtained a loan from AmNet to purchase his primary
22
    residence, identified as 437 Bluffview Road, Spring Valley, California 91997 ("the Property").  The
23
    loan was secured by a deed of trust on the Property, which was recorded with the San Diego County
24
    Recorder on September 16, 2005.
25
              On December 5, 2008, a Notice of Default was recorded against the Subject Property.  A
26
    Notice of Trustee sale was recorded on March 17, 2009.
27
              Plaintiff initially filed this action in state court, alleging various federal and state causes of
28
    action: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) breach of fiduciary duty;

                                            - 1 -                          09cv937 - IEG - JMA

(4) unfair debt collection practices; (5) predatory lending practices; (6) quiet title; (7) declaratory relief; (8) injunctive relief; and (9) accounting.  (Doc. No. 1.)  On May 1, 2009, Defendants removed this action from state court and, on June 5, 2009, AmNet filed the instant motions.

## LEGAL STANDARD

### I.    Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Generally, to avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544 (2007).  However, allegations of fraud must meet the particularity requirements of Rule 9(b): "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

The court's review of a 12(b)(6) motion is limited to the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  Notwithstanding this deference, it is improper for a court to assume "the [plaintiff] can prove facts which [he or she] has not alleged."   Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  Furthermore, a court need not credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### II.    Motion to Strike

Rule 12(f) permits the court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are a drastic remedy and generally disfavored.  5C Wright & A. Miller, Federal Practice and Procedure §1380 (3d ed. 2004).  A matter is impertinent if the statements do not pertain, and are not necessary, to the issues in question.  Fantasy, Inc.v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds 510 U.S. 517 (1994).  "Scandalous" matters "casts a cruelly derogatory light on a party or other person." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); see, e.g. Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613 (1st Cir. 1988) (striking the terms "brainwashing" and

1  "torture" in a tort case in the employment context).  "Motions to strike an affirmative defenses are

2  generally disfavored, but the court may properly grant them when the defense is insufficient as a

3  matter of law."  Multimedia Patent Trust v. Microsoft Corporation, 525 F. Supp. 2d 1200, 1211 (S.D.

4  Cal. 2007).

5                                              **BACKGROUND**

6  **I.      Motion to Dismiss**

7  ***A.      Claims One & Two: Intentional Misrepresentation and Negligent Misrepresentation***

8              Plaintiff alleges Defendants "falsely represented that they had the right to payment under a

9  note executed by Plaintiff" and "had the right to foreclose the Trust Deed."  (Notice of Removal, Doc.

10  No. 1., Ex. A. at 9.)  Plaintiff contends Defendants did not actually possess a note secured by the

11  Property, were not holders of a note that substantiates their claim, and were not non-holders of a note

12  entitled to payment.  Id. at 9-10.  Further, Defendants alleged falsely represented the payoff amount

13  required to redeem the Property by including unjustified costs and charges.  Id. at 10.     Plaintiff

14  alleges he relied on these representations, which made it impossible for him to determine the actual

15  amount due, causing him to suffer the potential loss of his home.  Id. at 10-11.

16  i.      Defendant's Argument

17              AmNet argues Plaintiff fails to state a claim and, alternatively, fails to meet Rule 9(b)'s

18  specificity requirement.  In support of its Rule 12(b)(6) argument, AmNet argues an allegation that

19  a trustee did not have the original note is insufficient to render the proceeding invalid; therefore, there

20  was no misrepresentation.  Tina v. Countrywide Home Loans, 2008 U.S. Dist. LEXIS 88302, *21

21  (S.D. Cal. October 30, 2008).

22              In support of its Rule 9(b) argument, AmNet contends Plaintiff failed to distinguish between

23  defendants, citing DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)

24  ("[W]here multiple defendants are asked to respond to allegations of fraud, the complaint should

25  inform each defendant of the nature of his alleged participation in the fraud.").  AmNet notes Plaintiff

26  directs all of his fraud allegations at "all Defendants."  In addition, AmNet argues Plaintiff fails to

27  allege the "who, what, when, where, and how" of any representations AmNet allegedly made, citing

28  Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

ii.     Analysis

Under California law, there are five elements of common law fraud: "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." <u>Gil v. Bank of Am., N.A.</u>, 138 Cal. App. 4th 1371, 1381 (2006).  Under Rule 9(b), where multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud.  <u>DiVittorio</u>, 822 F.2d at 1247.  Here, Plaintiff ambiguously alleges that all Defendants participated in all aspects of the fraud, without differentiating between the differently situated Defendants or identifying specific fraudulent actions.  This lack of particularity requires the Court DISMISS WITHOUT PREJUDICE Plaintiff's intentional misrepresentation claim.

Further, a claim for negligent misrepresentation must also be plead with specificity.  <u>Neilson v. Union Bank of California, N.A.</u>, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("[B]oth claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").  Therefore, Plaintiff's negligent misrepresentation claim similarly fails because it also does not inform AmNet of its alleged participation in the fraud.  Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's negligent misrepresentation claim.

**B.     Claim Three: Breach of Fiduciary Duty**

Plaintiff alleges all defendants, including AmNet, breached a fiduciary duty to Plaintiff.  AmNet argues, as a lender, it did not owe Plaintiff a fiduciary duty.  It is well established, as a matter of law, a lender does not owe a fiduciary duty to a borrower absent special circumstances.  <u>See Downey v. Humphreys</u>, 102 Cal. App. 2d 323, 332 (1951); <u>Connor v. Great Western Sav. & Loan Assoc.</u>, 69 Cal. 2d 850, 864.  Plaintiff admits he had a borrower-lender relationship with AmNet, but he fails to allege any special circumstances which would create a fiduciary relationship.  "Without a fiduciary relationship, there can be no breach of fiduciary duty."  <u>Tina v. Countrywide</u>, 2008 U.S. Dist. LEXIS, *11 (S.D. Cal. October 30, 2008).  The Court DISMISSES WITH PREJUDICE Plaintiff's breach of fiduciary duty claim.

**C.     Claim Four: Unfair Debt Collection Practices**

i.     Defendant's Argument

AmNet contends it violated neither the Federal Debt Collections Practices Act ("FDCPA") nor

California's Rosenthal Fair Debt Collection Practice Act ("Rosenthal Act"), Cal. Civ. Code §1788 et seq. First, AmNet argues it is not a "debt collector" as defined by the FDCPA, citing 15 U.S.C. § 1692g(b). Second, AmNet argues the Rosenthal Act is inapplicable because a foreclosure proceeding on a property pursuant to a deed of trust is not a collection of a debt under the Rosenthal Act, citing Gallegos v. Recontrust Co., 2009 U.S. Dist. LEXIS 6365, at *8 (S.D. Cal. Jan. 29, 2009).

ii.      Analysis

Plaintiffs FDCPA claim fails because AmNet is not a debt collector. Under FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. 1692f. The term "debt collector" means "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). Here, AmNet's alleged misconduct was directed at collecting its own debt, therefore, the FDCPA does not apply.

Plaintiff's Rosenthal Act claim fails because the Rosenthal Act does not apply to lenders foreclosing on a deed of trust. See Pittman v. Barclays Capital Real Estate, Inc., 2009 WL 1108889, at *3 (S.D. Cal. April 24, 2009). The Rosenthal Act regulates the collection of "consumer debts," which are transactions in which "property, services or money is acquired on credit ... primarily for personal, family, or household purposes." Cal. Civ. Code § 1788.2(e)-(f). "Foreclosing on a deed of trust does not invoke the statutory protections [of the Rosenthal Act]." Pittman, 2009 WL 1108889, at *3. For the foregoing reasons, the Court DISMISSES WITH PREJUDICE Plaintiff's unfair debt collection claims.

**D      Claim Five: Predatory Lending Practices**

Plaintiff alleges Defendants committed four predatory lending practices. First, Defendants allegedly violated the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §1637, by failing to disclose the right of rescission and extending credit without regard to his ability to pay. Second, Defendants allegedly violated the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, and Regulation Z, 12 C.F.R. § 226.32(a), by failing to disclose certain change in finance charges shown on the TILA statement and improperly calculating disclosed amounts. Third, Defendants allegedly violated the Real Estate Settlement Procedures Act ("RESPA") by failing to comply with statutory

1   disclosure requirements.   Fourth, Plaintiff contends these violations constitute unlawful acts,

2   supporting a Cal. Bus. and Prof. Code § 17200 claim.

3   i.   Defendant's Argument

4   AmNet asserts all the predatory lending practices claims must be dismissed.  First, AmNet

5   contends the HOEPA only applies to second or subordinate mortgages, whereas the mortgage-in-suit

6   was used to purchase his property.  Second, AmNet believes the TILA claim warrants dismissal

7   because it is barred by TILA's statute of limitations.  Third, the RESPA claim is purportedly deficient

8   because the facts alleged do not support the claim.  Fourth, AmNet believes the section 17200 claim

9   is deficient because Plaintiff is not entitled to section 17200 damages and that claim is not pled with

10   sufficient specificity under Rule 9(b) of the Federal Rules of Civil Procedure.

11   ii.   Analysis

12   Plaintiff cannot maintain his HOEPA claim because HOEPA does not apply to "residential

13   mortgage transaction[s]."  15 U.S.C. §1602(aa); 12 C.F.R. §226.32(a).  A "residential mortgage

14   transaction" is a transaction in which a security interest is created against the consumer's dwelling "to

15   finance the acquisition or initial construction of such dwelling." 15 U.S.C. §1602(w). Plaintiff admits

16   he obtained the loan to finance the purchase of the Property; therefore, HOEPA does not apply.

17   Plaintiff's TILA and Regulation Z claims fail because the request for rescission falls outside

18   of TILA's statute of limitations.  Any action for TILA damages must be brought within one year from

19   the date of the alleged violation. 15 U.S.C. § 1640(e).  Further, an obligor's right of rescission under

20   TILA expires, at the latest, "three years after the date of consummation of the transaction or upon the

21   sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).  Plaintiff alleges the transaction

22   occurred on September 16, 2005, more than three years before the suit was filed on March 30, 2009.

23   Plaintiff does not allege he attempted to rescind before this date; therefore, TILA's statute of

24   limitations acts as a bar.  Additionally, because any claim under Regulation Z is derivative of a TILA

25   claim, the statute of limitations applies with equal force.

26   Plaintiff's RESPA claim fails due to a lack of sufficient facts to support the claim on its face.

27   See Twombly, 550 U.S.544 (2007).  Plaintiff alleges Defendants failed "to comply with the statutory

28   disclosure requirements under the Rosenthal Fair Debt Collection Act . . ., the Real Estate Settlement

Procedures Act, HOEPA, the Truth in Lending statutes, and Regulation Z."  This passing reference to RESPA is the only mention of the Act in the entire complaint.  Not only does Plaintiff fail to identify the specific provision of RESPA at issue, but he does not allege *any* facts to support his claim.  Accordingly, Plaintiff's RESPA claim fails.

Conversely, Plaintiff's California Bus. & Prof. Code § 17200 claim is not dismissed.  California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Because section 17200 is written in the disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices.  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999).  "Unlawful" practices are any practices prohibited by law, "be it civil or criminal, federal, state, or municipal, statutory, regulatory or court-made."  People of California v. Kinder Morgan Energy Partners, L.P., 569 F. Supp. 2d 1073, 1090 (S.D. Cal. 2008).  The predicate law need not provide for private civil enforcement; section 17200 "'borrows' violations of other laws and treats them as unlawful practices independently actionable."  Id.

To the extent Plaintiff premises his section 17200 claim on either the HOEPA or RESPA claim, Plaintiff's claim fails for the reasons set forth above.  However, to the extent Plaintiff bases his section 17200 claim on the TILA claim, Plaintiff states a claim upon which relief may be granted.  The complaint includes the substantive elements of a TILA claim, even though the underlying claim is time-barred.  Importantly, section 17200 does not require Plaintiff be able to bring the underlying claim, nor does the section even require Plaintiff have standing to redress the underlying unlawful actions.  The section merely "borrows" the definition of unlawfulness from TILA and places it in the business context.  Accordingly, even though Plaintiff's TILA claim itself is time barred, the conduct underlying the claim is sufficient to withstand a motion to dismiss a section 17200 unfair competition claim.

AmNet's arguments do not change this conclusion.  AmNet argues Plaintiff requests only monetary damages under section 17200, a remedy to which he is not entitled.  AmNet selectively quotes Plaintiff's complaint, in which plaintiff requests *both* monetary and equitable relief stemming

1  from the section 17200.  Further, AmNet argues the section 17200 claims fails to meet Rule 9(b)'s

2  specificity requirements.  AmNet misapplies the law – the specificity requirement of Rule 9(b) only

3  applies if Plaintiff bases his section 17200 claim on fraudulent conduct, not where the claim is based

4  on allegedly unlawful conduct.  Accordingly, AmNet's arguments are unavailing.  The Court

5  DISMISSES WITH PREJUDICE Plaintiff's HOEPA, TILA, Regulation Z, and RESPA claims.

6  However, the Court DENIES AmNet's motion with regard to the section 17200 claim.

7  **E.      Claim Six: Quiet Title**

8      Plaintiff requests the Court quiet title to the Property, declaring Plaintiff owner of the Property.

9  AmNet argues the complaint does not allege a critical element to a quiet title action: the date as of

10  which the determination of title is sought.  Further, AmNet believes Plaintiff has failed to allege

11  tender, therefore, his claim is deficient.

12      In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the

13  amounts borrowed.  Arnold Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984).  Here,

14  Plaintiff's complaint does not address tender or an offer to tender; therefore, this claim is DISMISSED

15  WITHOUT PREJUDICE.

16  **F.      Claim Seven: Declaratory Relief**

17      Plaintiff requests the Court make the following declarations: (1) a declaration as to the validity

18  of any loan transactions in light of alleged statutory violations; and (2) a declaration as to the right of

19  ownership.  First, AmNet argues the validity of the loan transactions will be determined based on the

20  substantive claims, thereby rendering the declaratory judgment moot.  Second, as to the declaration

21  as to the right of ownership, AmNet argues this request is duplicative.

22      Declaratory relief is only appropriate "(1) when the judgment will serve a useful purpose in

23  clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from

24  the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d

25  1371, 1376 (9th Cir. 1986).  "The existence of another adequate remedy does not preclude a judgment

26  for declaratory relief in cases where it is appropriate." Fed. R. Civ. Proc. 57.  However, "the

27  availability of other adequate remedies may make declaratory relief inappropriate . . . ." StreamCast

28  Networks, Inc. v. IBIS LLC, 2006 WL 5720345, *4 (N.D. Cal. May 2, 2006).  For example, a court

found a breach of contract claim resolved all questions regarding contract interpretation, rendering declaratory judgment "duplicative." Smithkline Beecham Corp. v. Continental Ins. Co., 2004 WL 1773713, *1 (E.D. Pa. Aug. 4, 2004).

There is nothing in Plaintiff's complaint to suggest the declaratory judgment claim would entitle him to any damages or relief beyond the relief requested pursuant to his substantive claims. The request for declaration regarding the validity of the loan transactions is wholly dependent on the Court's findings on Plaintiff's substantive claims. Likewise, the right of ownership is contingent on the Court's substantive findings under the other claims. In this instance, the Plaintiff's complaint offers no reasons to believe declaratory judgment will resolve any issues aside from those already addressed by the substantive claims. As such, the Court dismisses the declaratory judgment claim as needlessly duplicative.

**G.     Claim Eight: Injunctive Relief**

Plaintiff submits a claim for injunctive relief, alleging sale of the property will irreparably harm him. AmNet argues this is not a claim, but rather a request for relief. Further, AmNet argues Plaintiff has not adequately plead facts to satisfy the preliminary injunction standard.

The request for Injunctive Relief is not a cause of action, but rather is a remedy. As such, the Court declines to make a determination at this procedural juncture. It is more appropriate to determine the need for injunctive relief after Plaintiff has shown entitlement to relief or upon motion for injunctive relief by Plaintiff. Accordingly, the Court DENIES AmNet's motion.

**H.     Claim Nine: Accounting**

Plaintiff requests the Court order an accounting because he has demanded an accounting and AmNet has refused to act upon this request. AmNet argues Plaintiff has failed to plead the prima facie elements of an accounting action.

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal.App. 4th 156, 179 (2009). In this case, while Plaintiff allegedly owes Defendants an amount past due on the underlying mortgage, Defendants do not allegedly owe Plaintiff any money. This failure to plead "some balance

1   is due the plaintiff" is fatal to Plaintiff's claim.  The Court DISMISSES WITHOUT PREJUDICE

2   Plaintiff's claim for accounting.

3   **II.      Motion to Strike**

4          AmNet moves to strike certain requests damages.  Because the Court dismisses claims one

5   through four, the portion of AmNet's motion which addresses those claims is moot.  The Court now

6   considers the motion to strike as it pertains to section 17200.

7          AmNet moves to strike paragraphs 10 and 12 of the prayer for relief for the fifth claim.

8   Paragraph 10 requests the Court determine that the actions of Defendants are in violation of various

9   statutory provisions.  Paragraph 12 requests actual damages under the California Business and

10  Professions Code § 17200.

11         AmNet argues as a private plaintiff, Plaintiff is not entitled to any statutory penalties under

12  California Business and Professions Code § 17200.  "Private plaintiffs may also prosecute actions

13  under the unfair competition law, but their remedies are limited to orders for injunctions and

14  restitution." Clark v. Superior Court, 174 Cal. App. 4th 82, 90 (2009).  Accordingly, the Court strikes

15  paragraph 12 from the complaint.

16                                    **CONCLUSION**

17         In conclusion the Court:

18  (1)     DISMISSES WITHOUT PREJUDICE Claim One, Claim Two, Claim Six, and Claim Nine;

19  (2)     DISMISSES WITH PREJUDICE Claim Three, Claim Four, Claim Seven, and Claim Five

20          with regard to the HOEPA, TILA, Regulation Z, and RESPA claims;

21  (3)     DENIES the motion regarding Claim Five's section 17200 claim and Claim Eight.

22  (4)     STRIKES paragraph 12 from the complaint.

23         Plaintiff may amend his complaint with respect to the claims dismissed without prejudice no

24  later than 20 days from the filing date of this order.

25  **IT IS SO ORDERED.**

26  **DATED:  August 4, 2009**

27                                    _Irma E. Gonzalez_

28                                    **IRMA E. GONZALEZ, Chief Judge**
                                      **United States District Court**